**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 07-cv-00840-CMA-MJW

BOARD OF TRUSTEES, SHEET METAL WORKERS' LOCAL 9 PENSION TRUST,
BOARD OF TRUSTEES, COLORADO SHEET METAL WORKERS' LOCAL 9 FAMILY
HEALTH PLAN,
BOARD OF TRUSTEES, SHEET METAL WORKERS' LOCAL 9 VACATION FUND,
and
BOARD OF TRUSTEES, SHEET METAL WORKERS' LOCAL 9 TRAINING FUND,

      Plaintiffs,

v.

MARIA CUSTOM SHEET METAL, INC.,

      Defendant.

---

**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Plaintiffs' Motion for Summary Judgment

(Doc. # 32).  For the following reasons, the Motion is GRANTED.

**INTRODUCTION AND FACTUAL BACKGROUND**

This lawsuit arises under the Employee Retirement Income Security Act of 1974

("ERISA").  The undermentioned facts are undisputed for purposes of this Motion.

Plaintiffs are the fiduciaries for the following ERISA funds:  the Sheet Metal Workers'

Local 9 Pension Trust, the Colorado Sheet Metal Workers' Local 9 Family Health Plan,

the Sheet Metal Workers' Local 9 Vacation Fund, and the Sheet Metal Workers' Local 9

Training Fund (collectively, the "Funds").  The Funds are multi-employer, jointly

administered labor-management employee benefit plans created and maintained under

the Labor Management Relations Act.  The Funds also qualify as "multiemployer,"

"employee welfare benefit," and/or "employee pension benefit" plans under ERISA.

Defendant is a Colorado corporation, with its principal place of business located

at 1314 W. Evans Avenue, Denver, Colorado 80223.  Defendant qualifies as an

employer in an industry affecting commerce under ERISA and the Labor Management

Relations Act.

Defendant entered into a collective bargaining agreement ("CBA") with the Sheet

Metal Workers' Local Union No. 9.  The CBA requires Defendant to contribute money to

the Funds at a specified rate for each hour worked by Defendant's employees covered

by the CBA.  Defendant must make these contributions no later than the twentieth day

of the month following the month that Defendant's employees performed their work.

Defendant is also bound by the provisions of the Agreement and Declaration of

Trust for each of the Funds ("Trust Agreements"), which are incorporated into the CBA.

The Trust Agreements provide the Trustees with the power to create rules and

enforcement mechanisms to aid in the collection of unpaid contributions to the Funds.

Pursuant to this power, the Trustees created the Policy for Collection of Delinquent

Contributions ("Collection Policy").  Under the Collection Policy, an employer must

pay interest on delinquent contributions at the rate of ten percent per annum.  The

Collection Policy also requires delinquent employers to pay late fees in the amount of

five percent of the delinquent contribution.  An employer must pay the five percent late

fee on contributions not received by the fifteenth day of the second month following the

date a contribution was due.

Defendant did not make its required contributions to the Funds for the months of November 2008 through February 2009.  Defendant also failed to pay the required interest and late fees on delinquent contributions from January 2007 through October 2008.  As of the date Plaintiffs filed the Motion for Summary Judgment, the total amount of unpaid contributions under the CBA and the Collection Policy was $37,018.40, the total amount of interest and late fees was $26,928.08.[1]  Plaintiffs have also incurred $13,823 in attorneys fees and $1,645.79 in litigation costs in prosecuting this lawsuit to recover the delinquent payments and penalties.

## PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on April 24, 2007.  (Doc. # 1.)  Defendant failed to respond to Plaintiffs' Complaint and the Clerk entered a default on July 20, 2007.  (Doc. # 4.)  However, Defendant responded to Plaintiffs' Motion for Default, answered the Complaint on July 25, 2007, and the Court set aside the Clerk's Default on August 15, 2007.  (Doc. # 9.)  The parties conducted discovery and attempted to settle the case, but they could not reach a resolution.  Plaintiffs filed their Motion for Summary Judgment on April 1, 2009.  (Doc. # 32.)  Defendant has not filed a response.

## STANDARD OF REVIEW

A plaintiff may move for summary judgment in its favor at any time after twenty days have passed from the commencement of the action or after an opposing party has moved for summary judgment.  *See* Fed. R. Civ. P. 56(a).  Courts should grant summary judgment if "the pleadings, depositions, answers to interrogatories, and

---

[1]   These amounts do not include $7,403.68 in statutory liquidated damages.

admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact . . . ."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250 (1986).  The movant bears the initial burden to show an

absence of evidence that would support the other side's case or defense.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant meets this burden, the

responding party must come forward with evidence to demonstrate a genuine issue of

material fact for trial.  *Id.*  A fact is material only if it "might affect the outcome of the suit

under governing law . . . ."  *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir.

1998).  On a motion for summary judgment, a court should view the record in a light

favorable to the non-movant.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1518 (10th Cir. 1994).

## DISCUSSION

### I.      APPLICABLE LAW – ERISA

Plaintiffs' sole claim for relief arises under ERISA, specifically 29 U.S.C. § 1145.

That section states:

> Every employer who is obligated to make contributions to a
> multiemployer plan under the terms of the plan or under the terms of
> a collectively bargained agreement shall, to the extent not inconsistent
> with law, make such contributions in accordance with the terms and
> conditions of such plan or such agreement.

*See* 29 U.S.C. § 1145.

Section 1132(g)(2) sets forth the remedies for an employer's breach of 29 U.S.C.

§ 1145.  If a multiemployer plan can establish that an employer did not make required

contributions under a bargaining agreement, section 1132(g)(2) requires a court to

award the plan:  (A) unpaid contributions; (B) interest on the unpaid contributions;
(C) liquidated damages not to exceed twenty percent of the amount of unpaid
contributions; (D) reasonable attorneys fees and costs of legal action to recover the
unpaid contributions; and (E) other appropriate legal or equitable relief.  *See* 29 U.S.C.
§ 1132(g)(2); *Jefferson Tile Co., Inc. v. Colorado Tile, Marble & Terrazzo Workers*
*Health, Welfare & Pension Funds, Nos. 6 & 85*, 797 F. Supp. 857, 858 (D. Colo. 1992).
The interest rate for delinquent contributions is set by the terms of the plan, or, if the
plan does not specify a rate, then by 26 U.S.C. § 6621.  *See* 29 U.S.C. § 1132(g)(2).
An award these items is mandatory if judgment is entered in favor of a qualifying ERISA
plan.  *See Trustees of the Colo. Statewide Ironworkers (Erector) Joint Apprenticeship &*
*Training Trust Fund v. A & P Steel, Inc.*, 824 F.2d 817, 818 (10th Cir. 1987); *Jefferson*
*Tile*, 797 F. Supp at 858.

## II.      ANALYSIS

In this case, Plaintiffs have met their burden of presenting evidence to support
their claim for unpaid contributions and late fee penalties.  They have introduced copies
of the relevant documents and a declaration by Mary Martin, the Funds' Administrator,
which states that Defendant is a signatory to the CBA and that Defendant has failed to
make the contributions required thereunder.  Ms. Martin also declares that Defendant
has failed to comply with the Collection Policy authorized by the Trust Agreements.

Defendant has not come forward with any evidence to raise a triable question of
material fact.  Indeed, Defendant has failed to respond to the Motion for Summary

Judgment, despite having almost three months to do so.  Moreover, Defendant admitted

many of the relevant allegations in its Answer to Plaintiffs' Complaint.

In short, it is undisputed that Defendant failed to make necessary contributions

under the CBA and failed to make the late-payment penalties under the Collection

Policy for the months between November 2008 and February 2009.  It is also

undisputed that Defendant failed to make the necessary late-payment penalties under

the Collection Policy for the months between January 2007 and October 2008.

**CONCLUSION**

Plaintiffs have presented a Motion for Summary Judgment with evidence

establishing that they are entitled to judgment in their favor.  Defendant has failed to

respond with any evidence to rebut Plaintiffs' Motion.  Thus, pursuant to 29 U.S.C.

§ 1132(g)(2) and the applicable provisions of the CBA, Plaintiffs are entitled to an award

of damages in the amounts described below.

Accordingly, Plaintiffs' Motion for Summary Judgment (Doc. # 32) is GRANTED.

IT IS FURTHER ORDERED that judgment in favor of Plaintiffs and against

Defendant shall enter in the following amounts:

(1)  unpaid contributions of $37,018.40 for the months of November 2008 through

February 2009;

(2)  statutory/contractual pre-judgment interest (10%) on these unpaid

contributions of $384.99;

(3)  statutory liquidated damages (20%) on these unpaid contributions of

$7,403.68;

(4)  contractual late fees and statutory/contractual interest of $26,543.09 for

delinquent contributions for the months between January 2007 and October 2008 for a

total amount of $71,350.16, and post-judgment interest shall accrue on this amount as

provided by law.

IT IS FURTHER ORDERED that judgment in favor of Plaintiffs and against

Defendant shall enter in the following additional amounts:

(1)  reasonable attorneys fees of $13,823.00; and

(2) litigation costs of $1,645.79 for a total of $15,468.79.

IT IS FURTHER ORDERED that Plaintiffs shall be allowed to supplement their

evidence to include additional attorneys fees and litigation costs incurred in making the

instant Motion for Summary Judgement within twenty (20) days of the date hereof.

DATED:  June 19, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge